# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1498V
Filed: March 26, 2021

* * * * * * * * * * * * *
| | | |
|---|---|---|
| SHERI L. BERRIER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * *

*Zachary J. Hermsen*, Whitfield & Eddy Law, Des Moines, IA, for petitioner.
*Althea W. Davis*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 28, 2018, Sheri Berrier ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed a shoulder injury related to vaccine administration after receiving an influenza vaccination on September 30, 2016. *See* Petition, ECF No. 1. On June 16, 2020, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. ECF No. 30.

On December 9, 2020, petitioner filed an application for final attorneys' fees and costs. ECF No. 35 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$5,783.90 (representing $5,761.50 in attorneys' fees and $22.40 in costs). Fees App. at 5. Pursuant to General Order No. 9, petitioner has indicated she has not personally incurred any costs in pursuit of this litigation. ECF No. 34. Respondent responded to the motion on December 10, 2020, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2, ECF No. 36. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.     Reasonable Hourly Rate**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for the work of her counsel at Whitfield Eddy Law: for Mr. Zachary Hermsen, $215.00 per hour for work performed in 2019 and $265.00 per hour for work performed in 2020; for Mr. Thomas Reavely, $425.00 per hour for work performed in 2019; and for Ms. Bryn Hazelwonder, $200.00 per hour for work performed in 2020. Fees App Ex. 5 at 5. The 2019 rates are reasonable and consistent with what Mr. Hermsen and Mr. Reavely have previously been awarded for their vaccine program work. The 2020 rates require additional discussion.

The requested 2020 rate for Mr. Hermsen exceeds what he has previously been awarded. *See K.G. v. Sec'y of Health & Human Servs.*, No. 18-120V, 2020 WL 345990, at *4 (Fed. Cl. Spec. Mstr. May 21, 2020) (noting that an hourly rate of $260.00 per hour was "a fairly abrupt upward increase" from his 2019 rate and finding $255.00 per hour to be more reasonable based on Mr. Hermsen's credentials). Petitioner acknowledges this lower rate, but contends that an increase is warranted "to reflect his increased experience, which now places him at over five years as a practicing attorney – at the time of the decision in *K.G.* awarding him $255 per hour, he had only practiced four years." Fees App. at 4. However, the special master in *K.G.* noted that Mr. Hermsen's experience placed him within the experience range of 4-7 years on the OSM Fee Schedules while also acknowledging that Mr. Hermsen had approximately 5 years of experience in 2020. Further, as the special master noted, Mr. Hermsen's "experience as a lawyer generally, modified by his specific Vaccine Program experience, does not sufficiently justify a rate increase not awarded to him for work in contemporaneous Vaccine cases." *K.G.*, 2020 WL 345990 at *4. The undersigned agrees with the reasoned analysis in *K.G.* and finds that $255.00 per hour is a reasonable hourly rate for Mr. Hermsen's 2020 work in the instant case. Application of this rate results in a reduction of $43.00.

Concerning the 2020 rate for Ms. Hazelwonder, this appears to be the first time her rate as an attorney has been addressed by a special master.[4] Ms. Hazelwonder has been licensed to practice

---

[3] The 2015-2021 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] In *K.G.*, the petitioner sought an hourly rate for Ms. Hazelwonder (then known as Ms. Bryn Hedlund) of $175.00 per hour. The special master ruled that because Ms. Hazelwonder was not admitted to practice in the Court of Federal Claims, she was not eligible to receive attorney rates for her work. Since that time, Ms. Hazelwonder has become a member of the bar of the Court of Federal Claims. Fees App. at 3.

law since 2019, giving her approximately one year of overall experience when she performed work in this case and placing her in the lowest tier of experience of the OSM Fee Schedules. Petitioner notes that Ms. Hazelwonder has performed attorney work in four additional cases besides the instant case and assisted in other Vaccine Program cases in her capacity as a law clerk before becoming a licensed attorney. However, the overall work performed by Ms. Hazelwonder in the instant case and *K.G.* reflects that a minimal amount of the work is attributable to Ms. Hazelwonder (the other cases cited are still pending and have not had a motion for interim fees filed and therefore Ms. Hazelwonder's involvement cannot be determined). Based upon all of the relevant factors, the undersigned finds that an appropriate hourly rate for Ms. Hazelwonder's work in 2020 is $175.00 per hour.[5] Application of this rate results in a reduction of $32.50.

## B.     Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $5,686.00.

---

[5] The undersigned notes that Mr. Hermsen has been compensated at $175.00 per hour for his work in 2017, when he had approximately two years of overall experience. The impact of inflation is roughly offset by the additional year of experience possessed by Mr. Hermsen in 2017 compared to Ms. Hazelwonder now.

### C.     Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $22.40 in costs for PACER charges. The requested costs appear reasonable in the undersigned's experience. Accordingly, petitioner is entitled to final attorneys' costs of $22.40.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards **a lump sum of $5,708.40, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Mr. Zachary Hermsen, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).